MINTON v. HOME BEN. SOC.

(Supreme Court, General Term, First Department. May 18, 1888.)

PLEADING—AMENDMENT—COSTS.

Where it appears that plaintiff in an action for money due had already paid $50.50 costs upon the withdrawal of a juror at the trial at circuit, it is not an abuse of discretion to refuse to exact costs absolutely from plaintiff, as a condition of allowing an amendment to the complaint which does not change the cause of action, but simply supplies an omission to allege certain preliminary steps on the part of defendant necessary to be alleged before payment could be enforced.

Appeal from special term.

Appeal from an order allowing plaintiff to serve an amended complaint.
Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.
Chas. Blandy, for appellant. D. McClure, for respondent.

VAN BRUNT, P. J. The sole question about which the appellant complains upon this appeal seems to be the terms upon which the learned judge in the court below permitted the amendment of the complaint. Upon an examination of the record, we do not think that there was any abuse of the discretion lodged in the court below in not exacting costs absolutely as a condition of the amendment. The plaintiff had already paid $50.50 costs and disbursements upon the withdrawal of a juror at the trial at circuit; and to have imposed all the costs of the action absolutely as a condition of allowing the amendment would seem to make the terms more harsh than justice required, in view of the technical nature of the objection made to the form of the complaint. The relief sought both by the original and the amended complaint was the same, namely, the recovery of the insurance to which the plaintiff was entitled. She had overlooked the necessity of some preliminary steps on the part of the insurance company before payment could be enforced; and it was simply to supply this defect, and to make allegations in the complaint suitable to put the defendant in motion according to the terms of the contract of insurance to obtain the funds necessary to pay the loss, that the amendment in question was desired. We think that the plaintiff, having paid so large a sum as a condition of withdrawing a juror, should not have been taxed with another bill of costs upon the application for this amendment. It was not a

changed cause of action. It was merely the supplying of an additional allegation, as already stated, necessary for the maintenance of her right of relief. The order should be affirmed, with $10 costs and disbursements.

BARTLETT and MACOMBER, JJ., concur.